UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

                Plaintiff,         Case No. 17-20464

v.                                  Judith E. Levy
                                    United States District Judge

Zoe-Ann McDonald (D3),
                                    Mag. Judge Elizabeth A. Stafford

                Defendants.

_____/

**ORDER 1) DENYING WITHOUT PREJUDICE DEFENDANT ZOE-ANN MCDONALD'S MOTION FOR COMPASSIONATE RELEASE [209]; 2) EXTENDING DEFENDANT'S SURRENDER DATE UNTIL JUNE 4, 2021; AND 3) ORDERING THE PARTIES TO PROVIDE A JOINT REPORT AND RECOMMENDATION REGARDING DEFENDANT'S MEDICAL STATUS BY MAY 7, 2021**

Before the Court is Defendant Zoe-Ann McDonald's motion for compassionate release from prison due to her particular medical vulnerability to the ongoing COVID-19 pandemic. (ECF No. 209.) For reasons set forth below, the Court denies this motion without prejudice. However, because the Court shares Defendant's concerns about her potential susceptibility to a dire outcome should she contract COVID-19, the Court will extend Defendant's surrender date until June 4, 2021. The

Court additionally orders the parties to provide a report and recommendation on Defendant's medical status, including whether she has been vaccinated for Covid-19, by no later than May 7, 2021.

On January 9, 2019, this Court sentenced Defendant Zoe-Ann McDonald to imprisonment for one year and one day after Defendant McDonald pleaded guilty to Conspiracy to Pay and Receive Health Care Kickbacks under 18 U.S.C. § 371. (ECF No. 138.) Due to Defendant McDonald's subsequent cancer diagnosis and ongoing treatment, the parties have stipulated to four separate extensions of Defendant McDonald's voluntary surrender date so that Defendant McDonald could receive follow-up care from her medical team. (*See* ECF No. 187, PageID.4475.) The most recent stipulation extended Defendant McDonald's surrender date to February 3, 2021. (ECF No. 213.)

On November 20, 2021, while not yet in custody but anticipating her then-surrender date of December 3, 2020, Defendant filed an emergency motion seeking preemptive compassionate release from her prison sentence due to her medical vulnerabilities to the COVID-19 pandemic. (ECF No. 209.) The parties then stipulated to extend Defendant's surrender date until February 3, 2021—rendering the

2

motion non-emergent—and the United States requested to extend its response date until January 14, 2021. (ECF Nos. 213-214.) The Court granted the United States' request—de facto staying Defendant's motion until that date.

With the parties having fully briefed Defendant's motion and with the approaching surrender date, the Court now turns to Defendant's motion. Because the Court may not adjudicate a compassionate release motion filed before a defendant has begun serving her sentence, the Court denies this motion without prejudice.

Under the compassionate release statute, courts may modify a term of imprisonment only if, "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. 3582(c)(1)(A).

The Sixth Circuit has made clear that it considers this language to establish "an unyielding procedural requirement" available only to prisoners. *See United States v. Alam*, 960 F.3d 831, 833-34 (6th Cir. 2020)

3

("If the Director of the Bureau of Prisons does not move for compassionate release, a prisoner may take h[er] claim to court only by moving for it on h[er] own behalf. To do that, [s]he must 'fully exhaust[] all administrative rights to appeal' with the prison or wait 30 days after h[er] first request to the prison. . . . The language Congress used is quite mandatory[]. It says a 'court may not' grant relief without complying with the exhaustion requirement.'"). Defendant has not—nor can she, as she is not yet in custody—satisfy the statute's mandatory procedural requirements. Accordingly, the Court must dismiss Defendant's motion without prejudice.[1] Defendant is free to renew this motion in custody after exhausting her procedural options.

While compassionate release is not currently the correct procedural avenue for Defendant's relief, the Court shares her concerns about her

---

[1] Defendant cites one case from the Southern District of New York for the proposition that, "notably absent from [the compassionate release] statute is any express requirement that a defendant be in the custody of the [BOP] at the time [s]he petitions for compassionate release." (ECF No. 209, PageID.4643 (citing *United States v. Austin*, 2020 WL 3447521, at *2 (S.D.N.Y. June 22, 2020)).) However, Defendant did not proffer—nor could the Court find—similar authority that is binding in this circuit. Faced with the express custodial administrative requirements set forth in the statute, as well as the Sixth Circuit's clear mandate in *Alam*, the Court declines to follow the statutory interpretation suggested in *Austin*.

4

dire medical situation and her particular vulnerability to the COVID-19 pandemic. In its response brief, the United States suggests that

> an additional extension of the Defendant's surrender date, as already noted by the Court, is [a] more appropriate remedy [than compassionate release], as it would allow the Defendant to remain outside of the prison system for the duration of the COVID-19 pandemic, would prevent any additional medical burden on federal prison resources during this time of crisis, and would ensure that Defendant will nevertheless eventually repay her debt to society as originally contemplated by this Court.

(ECF No. 216, PageID.4687-4688.) The Court agrees with this reasoning and will accordingly extend Defendant's surrender date until **June 4, 2021**. In order to forestall another emergency motion, the Court additionally orders the parties to submit a joint report and recommendation regarding Defendant's medical condition, her vaccine status, her upcoming surrender date, and the COVID-19 pandemic by **no later than May 7th, 2021.**

IT IS SO ORDERED.

Dated: January 25, 2021　　　　　　s/Judith E. Levy
Ann Arbor, Michigan　　　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　　United States District Judge

5

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 25, 2021.

s/William Barkholz  
WILLIAM BARKHOLZ  
Case Manager
